*Phillips v. Daly*, No. 913-9-14 Cncv (Toor, J., Feb. 27, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| ERIK PHILLIPS, et al.,<br> Plaintiffs<br><br>v.<br><br>JEFFREY M. DALY, et al.,<br> Defendants | Docket No. 913-9-14 Cncv |

RULING ON ISUZU DEFENDANTS' MOTION TO DISMISS and PLAINTIFFS' MOTION TO AMEND COMPLAINT and INSURERS' MOTION TO SEVER AND STAY

This case involves the 2011 purchase and repair of a $3,400 used car which seems to have been a lemon. Plaintiffs are Massachusetts residents, but came to Vermont to buy the car from Defendant Green Mountain Motorcar, LLC. Plaintiffs have sued numerous parties, asserting claims of breach of warranty, negligence, consumer fraud, breach of contract, violation of the Magnuson-Moss Warranty Act, and breach of a Massachusetts statute. Defendants Isuzu Motors LLC and Isuzu Manufacturing Services of America have moved to dismiss for, inter alia, lack of jurisdiction. Plaintiffs oppose the motion and seek to amend the complaint in response thereto. Isuzu opposes the amendment as futile. Finally, two defendant insurers move to sever and stay the claims against them.

I.     Motion to Dismiss

"The Due Process Clause of the Fourteenth Amendment operates to limit the power of a State to assert in personam jurisdiction over a nonresident defendant." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 413 (1984).   There are two types of personal

jurisdiction, specific jurisdiction and general jurisdiction. Metro. Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996). Plaintiff need only establish one, not both. Specific jurisdiction is essentially "you had sufficient dealings in Vermont related to the subject matter of this case so that you can be haled into court related to this one matter." General jurisdiction for a corporation is essentially "you do business here to such an extent that you can be treated as being a resident of Vermont for litigation in general."

When a defendant raises the issue, the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant. *See*, Northern Aircraft, Inc. v. Reed, 154 Vt. 36, 40 (1990); 5B Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1351. To meet its burden, the plaintiff must make "a prima facie showing of jurisdiction, or, in other words, demonstrate facts which would support a finding of jurisdiction." Northern Sec. Ins. Co. v. Mitec Electronics, Ltd., 2008 VT 96, ¶ 15, 184 Vt. 303 (citation omitted).

### A. Specific Jurisdiction

"[A] court may exercise specific jurisdiction where a defendant has purposefully directed . . . activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Fox v. Fox, 2014 VT 100, ¶ 27 (citation omitted); *see also*, Havill v. Woodstock Soapstone, Inc., 172 Vt. 625, 626 (2001) (mem.)(Such jurisdiction exists when a State "exercises personal jurisdiction over a defendant in a suit *arising out of or related to the defendant's contacts with the forum . . . .*") (emphasis added) (quoting Metro. Life, 84 F.3d at 567–68)). Specific jurisdiction focuses upon the relationships among the defendant, the forum, and the particular subject matter of the litigation. Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). That is, "the defendant's suit-related conduct must create a substantial connection with the forum State." Id.

Here, even the proposed amended complaint contains no allegations that either of the Isuzu defendants did *anything* in Vermont specifically related to this matter. It alleges that they are organized under the laws of California and Indiana. The only allegation that they took any act directly related to the car at issue is the allegation that Isuzu America sent Plaintiffs, Massachusetts residents, a recall notice in 2012. Nothing occurred in Vermont between the Plaintiffs and the Isuzu defendants. There is absolutely no basis for specific jurisdiction over the Isuzu defendants tied to the transactions that are the subject of this suit.

B.  General Jurisdiction

The question, then, is whether the court has *general* jurisdiction over either of the Isuzu defendants. "General jurisdiction applies to suits not arising out of or related to the defendant's contacts with the forum state." Fox, 2014 VT 100, ¶ 27. It requires that the plaintiff show "continuous and systematic general business contacts" between the defendant and the state. Helicopteros Nacionales, 466 U.S. at 416; Schwartz v. Frankenhoff, 169 Vt. 287, 293 n. 1 (1999). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).

The United States Supreme Court recently elucidated the doctrine of general jurisdiction in Daimler AG v. Bauman, 134 S. Ct. 746 (2014). The Court noted that "placement of a product into the stream of commerce" is not sufficient to "warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant." Id. at 757. "With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] ... bases for general jurisdiction.'" Id. at 760 (quoting Goodyear, 131 S. Ct. at 735). Mere continuous and

3

systematic business contacts in the state are not enough; those contacts must be *so significant* that they are equivalent to the business being "at home" in the state. Id. at 761.

In Daimler, the argument put forth for jurisdiction in California was that a subsidiary of the defendant foreign corporation "distributes Daimler-manufactured vehicles to independent dealerships throughout the United States, including California." Id. at 751. "California, they urge, is a place where Daimler may be sued on any and all claims against it, wherever in the world the claims may arise." Id. The Court rejected that argument, noting that it would create jurisdiction over Daimler in every state with sizable sales of Daimler's vehicles. Id. at 761-2. "A corporation that operates in many places can scarcely be deemed at home in all of them." Id. at 762 n. 20. The same was true in Goodyear: the fact that "a small percentage of [their] tires (tens of thousands out of tens of millions manufactured between 2004 and 2007) were distributed within North Carolina by other [parent company] affiliates" was not sufficient to establish general jurisdiction. 131 S.Ct. at 2852.

Here, Plaintiffs allege in their proposed amended complaint that Isuzu Motors America, based in California, lists Vermont car dealers on its website as authorized service facilities and distributors for Isuzu vehicles. Am. Comp. ¶¶ 19-21. They allege that Isuzu Manufacturing Services of America, based in Indiana, is a wholly owned subsidiary of Isuzu Motors America and shares an office with it in Michigan. Id. ¶¶ 23-25. They allege that in 2011-2013 Isuzu Manufacturing sent recall notices to dealers in many states, including Vermont. Id. ¶¶ 41-48. That is essentially all that Plaintiff offers to support its claim of general jurisdiction. It is far from enough under the law. Thus, the motion to dismiss for lack of jurisdiction over these defendants is granted.[1]

---

[1] Because the court grants the motion on this basis, it does not reach the Isuzu defendants' other proffered grounds for dismissal.

4

## II. Motion to Amend

Because Plaintiffs did not submit a redlined copy of the proposed amended complaint – which parties should always do to make it clear to the court and other parties what is being changed – and do not explain in their motion to amend what exactly the amendments address, the court cannot easily tell whether there are any changes aside from those relating to jurisdiction over the Isuzu defendants. The court is not about to compare the two complaints line by line to determine that; for purposes of the motion to amend the court is presuming the changes all relate to this jurisdictional issue.

Motions to amend a complaint may be denied if amendment would be futile. Colby v. Umbrella, Inc., 2008 VT 20, ¶ 4, 184 Vt. 1; *see also*, Bandler v. Majestic Car Rental Group, Inc., No. 2013–212, 2013 WL 9055946, *3(Vt., Nov. Term 2013) ("[A]mending the complaint would not change the result in this case. The motion was therefore properly denied as futile."). Here, even with the added allegations in the amended complaint, Plaintiffs cannot establish a prima facie case of personal jurisdiction over the Isuzu defendants. Thus, amendment would be futile and is denied on that basis.

## III. Motion to Sever and Stay

Defendants Zurich American Insurance Company and Universal Underwriters Insurance Company move to sever the claims against them and stay discovery as to those claims. Essentially, they argue that the merits of the claims against the other parties should be resolved first, and that otherwise they may be forced to produce privileged documents. The court disagrees. Separating out claims against different parties will merely extend the length of this litigation, which is already taking on a greater life than its value warrants. Any issues of privilege can be addressed by the court as they arise.

<u>Order</u>

The motion to dismiss both Isuzu defendants is granted. The motion to amend the complaint is denied. The motion to sever and stay is denied. The remaining parties are directed to engage in mediation by April 27. As previously noted, discovery is stayed until mediation is concluded.

Dated at Burlington this 27th day of February, 2015.

_____
Helen M. Toor
Superior Court Judge